# VIRGINIA:

### *In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 12th day of March, 2020.*

Present: Goodwyn, Mims, Powell, Kelsey, McCullough and Chafin, JJ., and Koontz, S.J.

Patrick Joseph Wakeman,                                                                    Appellant,

 against         Record No. 181680
                 Court of Appeals No. 1631-17-4

Commonwealth of Virginia,                                                                    Appellee.

                                         Upon an appeal from a judgment rendered by the Court of Appeals of Virginia.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment of the Court of Appeals.

Patrick Joseph Wakeman ("Wakeman") was charged with two counts of rape. At trial, the Commonwealth called Raymer Balciunas ("Balciunas"), the nurse who examined the victim, to testify about the examination and as an expert on sexual assault forensic examinations. Balciunas testified that she had been employed as an emergency room nurse since 2010 and she specialized in trauma emergency service. Balciunas stated that she was certified as a forensic nurse and that she had been a Sexual Assault Nurse Examiner ("SANE") since 2014. During voir dire, Balciunas admitted that, although she had completed all of the necessary coursework and training, she had not taken the certification exam to be certified as a SANE. When the trial court inquired if she had been acting as a SANE, she stated that she had been performing sexual assault examinations since 2014. She also stated that, in 2013, she had been performing sexual assault examinations under the supervision of her director. After hearing Balciunas' qualifications, the trial court accepted her as an expert in the area of sexual assault forensic examinations.

The jury subsequently found Wakeman guilty of one count of rape. Approximately three months later, Wakeman filed a motion to have the verdict set aside, arguing, among other things, that the trial court erred in qualifying Balciunas as "an expert Sexual Assault Nurse Examiner." The trial court denied the motion.

Wakeman appealed the matter to the Court of Appeals. The Court of Appeals pointed out that Wakeman conceded that Balciunas possessed more knowledge on the topic of sexual assault forensic examinations than the average person. *Wakeman v. Commonwealth*, 69 Va. App. 528, 536 (2018). The Court of Appeals further noted that Rule 2:702(a) does not require that an expert carry a certification in order to qualify as expert and that the General Assembly has not enacted a statutory bar to uncertified SANEs testifying as experts in the area of sexual assault forensic examinations. *Id.* at 536-37. Accordingly, the Court of Appeals determined that the trial court did not err in qualifying Balciunas as an expert. *Id.* at 539.

The Court agrees with the Court of Appeals' opinion and affirms.

This order shall be published in the Virginia Reports and certified to the Court of Appeals of Virginia and to the Circuit Court of Shenandoah County.

A Copy,

Teste:

Douglas B. Robelen, Clerk

2